MAYER *et al. v.* HEIDELBACH *et al.*

(*Superior Court of New York City, General Term.* March, 1889.)

NEGOTIABLE INSTRUMENTS—BONA FIDE PURCHASERS—PAYMENT BY CHECK.

Delivery of one's check on his bank of deposit to said bank is a parting with present value, vesting him with a good title to drafts bought of another bank, and thus paid for, though said bank of deposit failed to remit their price according to custom, and so had no title to them.

Appeal from special term.

Plaintiffs Charles Mayer and William Haueisen sued Philip Heidelbach and Isaac Ickelheimer on certain drafts drawn in favor of plaintiffs on the Deutsche Bank of Berlin. Plaintiffs were merchants at Indianapolis, and defendants bankers at New York city. Plaintiffs ordered said drafts through Harrison's Bank, at Indianapolis, their bank of deposit. Harrison's Bank inclosed plaintiffs' order, and directed defendants to send their sight draft on Berlin to plaintiffs, "as per inclosed mem.," and "we will remit as usual." Such remittances were usually made by check of the bank on New York by return mail. Defendants made and forwarded their drafts to Harrison's Bank, which delivered them to plaintiffs at once, and received their checks on their deposit. Harrison's Bank closed its doors, and defendants, not being paid for the drafts, stopped their payment. There was judgment for plaintiffs, and defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Sterne & Thompson,* (*Simon Sterne* and *John K. Creevey,* of counsel,) for appellants. *James C. Foley,* for respondents.

PER CURIAM. Upon the former appeal, which was by the plaintiffs, the case did not contain the evidence, but only the facts found by the trial judge, and his conclusions of law thereon. Upon the present appeal, which is by the defendants, the case contains the evidence in full, together with the findings of fact and the conclusions of law. But the case itself does not appear to be so materially changed as to call for a change of views. Indeed, the findings of fact on the first appeal were so full and complete that they presented all the material facts now disclosed by the evidence.

It was conceded then, and it is conceded now, that the Harrisons did not acquire a good title to the drafts as against the defendants as vendors; and the principal contention then was, and now is, whether the plaintiffs can defeat the claim of the defendants by proof that they became purchasers of the drafts from the Harrisons for a valuable consideration, with which they parted on the faith of the drafts. It was distinctly decided that they can do so; that they were purchasers from the Harrisons, and not from the defendants; and that the giving of their checks to the Harrisons, in payment of the drafts, constituted, under all the circumstances, a parting with a valuable consideration on the faith of the drafts. 54 N. Y. Super. Ct. 438.

Assuming, as we must, the correctness of that decision, although the question arising upon the delivery and the acceptance of the checks may be conceded to be a very close one, the present appeal discloses no sufficient reason why we should come to a different conclusion. The facts found are sufficiently supported by evidence, and, under the law applicable thereto, as determined by this court, they sustain the conclusions of law based thereon. So, if the former decision is sound, none of the exceptions taken by the defendants to the refusals of the trial judge to find otherwise than he did find constitutes ground for reversal. As to the checks drawn by the plaintiffs upon Harrison's Bank, it is true it appeared upon the former occasion that they were afterwards returned to plaintiffs as canceled, and with the bank's canceling mark upon them, whereas it now appears that they were returned to plaintiffs by the receiver of Harrison's Bank after plaintiffs had received no-

tice from the defendants that the drafts in suit had not been paid for, and that payment of them had been stopped.  But this variance is of no importance, nor is the return itself of any importance, if, as was held, the delivery and the acceptance of the checks, under the circumstances they were delivered and accepted, were equivalent to a cancellation of plaintiffs' claim against the bank to that extent, and to a corresponding reduction of the amount of plaintiff's deposit, and that consequently such delivery and acceptance constituted a parting by the plaintiffs with full value, on the faith of the drafts.  The judgment should be affirmed, with costs.  All concur.